UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINICK D. MANNING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | ) Case No. EDCV 07-1036-JTL<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROCEEDINGS**

On August 22, 2007, Dominick D. Manning ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits. On September 7, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On September 11, 20087 Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on April 16, 2008, defendant filed an Answer to the Complaint. On June 27, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On December 14, 2004, plaintiff filed an application for Supplemental Security Income benefits alleging a disability onset date of September 23, 2004. (See Administrative Record ["AR"] at 60, 62, 73, 83). The Commissioner denied plaintiff's applications for benefits both initially and upon reconsideration. (AR at 47-48, 52-53; see AR at 45-56). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 32).

On November 29, 2006, the ALJ conducted a hearing in San Bernardino, California. (See AR at 161-77). Plaintiff appeared at the hearing with counsel and testified. (See AR at 163-75, 176). Alan Boroskin, a vocational expert, also testified at the hearing. (See AR at 175-76). On December 18, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 8-16). In his decision, the ALJ determined that plaintiff had the following severe impairments: seizure disorder, sickle cell trait and a history of borderline intelligence. (AR at 13). The ALJ determined that plaintiff did not have an impairment or combination of impairments that meet or equal the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ determined that plaintiff retained the residual functional capacity to perform a full range of work with seizure precautions and could frequently engage in postural activities, but he could never climb ladders, ropes or scaffolds. (AR at 14). Thus, the ALJ concluded that plaintiff could perform his past relevant work as a housekeeper/janitor and assembler. (AR at 15-16). Ultimately, the ALJ concluded that plaintiff was not disabled as of December 14, 2004, the date he filed his application for benefits. (AR at 12, 16). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (See AR at 3, 6).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.  The ALJ failed to properly rate the severity of plaintiff's mental impairment.

      2.      The ALJ failed to properly develop the record.

      3.      The ALJ failed to pose a complete hypothetical to the vocational expert.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe

impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Parra, 481 F.3d at 746.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     The Presumption of Continuing Non-Disability**

In his December 18, 2006 decision denying plaintiff benefits, the ALJ noted that, as a child, plaintiff had filed a prior application for Supplemental Security Income on November 27, 1996, and was found to be disabled as of September 1, 1996, on the basis of childhood disability standards. (AR at 11). Plaintiff's claim for benefits, however, was readjudicated at age 18 under the regulations for evaluation of adults and benefits ended effectively on March 1, 2003. (See id.; AR at 40). After plaintiff's request for reconsideration was denied, plaintiff filed a request for a hearing before an ALJ, alleging disability due to seizures, a learning disorder, sickle cell anemia and chest and leg pain. (AR at 40-41). In a decision dated September 22, 2004, ALJ F. Keith Varni ("ALJ Varni") determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR at 41). ALJ Varni concluded that plaintiff's borderline intelligence constituted a severe impairment under 20 C.F.R. 416.902(b), but did not meet or equal in severity the criteria for an impairment contained in the Listings, and found that plaintiff had a high school (or high school equivalent) education. (AR at 41, 43). ALJ Varni

further determined that plaintiff retained the residual functional capacity to perform a significant range of heavy work with non-exertional seizure precautions, including no work at heights, around dangerous unguarded moving machinery or in similar hazardous environments, and mental limitations that limited plaintiff to work involving simple, routine and non-public tasks. (AR at 41, 42-43). Relying on the hearing testimony of a vocational expert, ALJ Varni determined that, although plaintiff had no past relevant work, he could perform a significant number of jobs existing in the national economy, including the occupations of assembler, packager, sorter or cleaner. (AR at 43, 44). Thus, ALJ Varni concluded that plaintiff was not disabled through the date of his decision. (Id.).

With respect to the instant application for benefits, the ALJ noted that under Acquiescence Ruling 97-4(9) and Chavez v. Bowen, 844 U.S. 691 (9th Cir. 1988), there was a presumption of continuing nondisability and plaintiff's residual functional capacity, and that plaintiff had the burden of rebutting this presumption.[1] (AR at 11). The ALJ determined that

---

[1] Acquiescence Ruling 97-4(9) was adopted in response to Chavez, and explains how the holding in Chavez is to be applied only to cases arising within the Ninth Circuit. See Acquiescence Ruling 97-4(9), available at 1997 SSR LEXIS 4. Acquiescence Ruling 97-4(9) applies only to cases involving subsequent disability claims relating to an unadjudicated period arising under the same title of the Social Security Act as a prior claim on which there has been a prior, final administrative decision that the claimant is not disabled. See 1997 SSR LEXIS 4, at *7. Specifically, the Ruling provides:

> When adjudicating the subsequent claim involving an unadjudicated period, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to that period, unless the claimant rebuts the presumption. A claimant may rebut the presumption by showing a "changed circumstance" affecting the issue of disability with respect to the unadjudicated period, e.g., a change in the claimant's age category under 20 CFR 404.1563 or 416.963, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability.
>
> If the claimant rebuts the presumption, adjudicators then must give effect to certain findings, as explained below, contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim. For this purpose, this Ruling applies only to a finding of a claimant's residual functional capacity, education, or work experience, or other finding required at a step in the sequential evaluation process for determining disability provided under 20 CFR

(continued...)

1. plaintiff's seizure disorder, sickle cell trait and history of borderline intelligence constituted severe impairments, which caused more than minimal functional restrictions, but did not meet or equal in severity the criteria for an impairment contained in the Listings. (AR at 13). After discussing plaintiff's testimony, ALJ Varni's findings and the medical evidence in the record, the ALJ concluded that, although plaintiff had established the presence of a seizure disorder, plaintiff had not met his burden of overcoming the presumption of continuing nondisability established in ALJ Varni's September 22, 2004 decision. (See AR at 14-15). Specifically, with respect to plaintiff's borderline intelligence, the ALJ found that there was no evidence of a worsening of plaintiff's mental condition. (AR at 15). The ALJ further determined that plaintiff retained the residual functional capacity to perform a full range of work with seizure precautions and could frequently engage in postural activities, but he could not climb ladders, ropes or scaffolds. (AR at 14). Noting the vocational expert's hearing testimony, the ALJ concluded that plaintiff could perform his past relevant work as a housekeeper/janitor and assembler as actually and generally performed. (AR at 15-16). The ALJ ultimately concluded that plaintiff had not been disabled since December 14, 2004, the date plaintiff filed his application for benefits. (AR at 12, 16).

An administrative decision denying disability benefits that the claimant does not appeal operates as res judicata as to the finding of nondisability through the date of the prior decision. See Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985) ("The principal of res judicata applies

---

[1](...continued)
    404.1520, 416.920 or 416.924, or a finding required under the evaluation process for determining disability provided under 20 CFR 404.1578, as appropriate, which was made in the final decision on the prior disability claim. Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

1997 SSR LEXIS 4, at *7-9. Acquiescence Rulings "are binding on all components of the Social Security Administration," except under specified circumstances, and accorded deference by a reviewing court. 20 C.F.R. § 402.35(b)(2).

to findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision."). The principle of res judicata applies to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. Chavez, 844 F.2d at 693; Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988); see Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1996). Although the Commissioner may apply res judicata to bar reconsideration of a period for which she has already made a determination, the Commissioner's authority to apply res judicata to the period subsequent to a prior determination is much more limited. Lester, 81 F.3d at 827. An ALJ's finding that a claimant is not disabled creates a presumption that the claimant continued to be able to work after that date. Id.; Miller v. Heckler, 770 F.2d 845, 848 (9th Cir. 1985); see Lyle v. Secretary of Health & Human Servs., 700 F.2d 566, 568 (9th Cir. 1983) ("[I]n absence of proof of change, a prior ruling respecting disability gives rise to a presumption that the condition continues to exist."). The presumption does not apply, however, if there are "changed circumstances." Lester, 81 F.3d at 827; Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). Thus, the presumption of continuing nondisability arising from the first ALJ's findings of nondisability may be overcome by a showing of "changed circumstances" indicating a greater disability, such as an increase in the severity of the claimant's impairment, a change in the claimant's age category as defined in the Medical-Vocational Guidelines, or where the claimant raises a new issue such as the existence of an impairment that was not considered in the previous application or decision. See Lester, 81 F.3d at 827; Chavez, 844 F.2d at 693; see also Acquiescence Ruling 97-4(9) ("When adjudicating the subsequent claim involving an unadjudicated period, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to that period, unless the claimant rebuts the presumption . . . by showing a "changed circumstance" affecting the issue of disability with respect to the unadjudicated period, e.g., a change in the claimant's age category . . . an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability.").
///

Here, plaintiff does not challenge the ALJ's application of the presumption of nondisability arising from ALJ Varni's prior decision that plaintiff was not disabled despite his severe mental impairment. Nor does plaintiff challenge the ALJ's finding that plaintiff had not met his burden of overcoming the presumption of nondisability or argue that he did, in fact, rebut the presumption by providing to the ALJ evidence demonstrating changed circumstances with respect to his mental impairment or otherwise. Notwithstanding this, as discussed herein, the Court finds that limited remand is appropriate in this case.

**C.    The Severity of Plaintiff's Mental Impairment**

Plaintiff argues that the ALJ failed to properly evaluate and rate the severity of plaintiff's mental impairment and resulting functional limitations in his decision. (Joint Stipulation at 3-4, 5). Defendant argues that, because plaintiff failed to rebut the presumption of continuing nondisability by proving changed circumstances indicating greater disability, the ALJ's finding that plaintiff had a severe yet nondisabling mental impairment was proper. (Joint stipulation at 5).

At step two of the sequential analysis, the ALJ must assess whether a claimant has a medically severe impairment or combination of impairments that significantly limits her ability to do basic work activities and has lasted, or is expected to last, more than 12 months. See Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005); 20 C.F.R. § 416.920(a)(4)(ii). Basic work activities include the "abilities and aptitudes necessary to do most jobs," such as "[u]nderstanding, carrying out, and remembering simple instructions," "[u]se of judgment," and "[r]esponding appropriately to supervision, co-workers and usual work situations." 20 C.F.R. § 416.921(b). An impairment is not severe if it is merely a slight abnormality, or combination of slight abnormalities, that has a minimal effect on the claimant's ability to do basic work activities. See Social Security Ruling ("SSR")[2] 96-3p.

///

---

[2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

1    Section 416.920a of Title 20 in the Code of Federal Regulations sets forth a special
2 technique for evaluating the severity of a claimant's mental impairments and identifies four
3 broad functional areas in which the degree of the claimant's functional limitations are rated.
4 These four areas include activities of daily living, social functioning, concentration, persistence
5 or pace, and episodes of decompensation.  20 C.F.R. § 416.920a(c)(3); see id. §
6 416.920a(c)(4) (a claimant's functional limitations in the areas of daily activities, social
7 functioning, and concentration, persistence or pace rated as being either none, mild, moderate,
8 marked, or extreme, and episodes of decompensation as either none, one or two, three or four
9 or more).  After determining the degree of functional limitation resulting from the impairment,
10 the severity of a claimant's mental impairment is determined.  Id. § 416.920a(d).  If the
11 claimant's mental impairment is severe, then a determination is made as to whether the
12 impairment meets or equals in severity a listed mental disorder.  Id. § 416.920a(d)(2).  If the
13 claimant's severe mental impairment does not meet or equal in severity any listed disorder,
14 then the claimant's residual functional capacity is assessed.  Id. § 416.920a(d)(3).  Section
15 416.920a requires that the Commissioner document the application of this technique.  20
16 C.F.R. § 416.920a(e).  At the administrative law judge hearing level:

> [T]he written decision must incorporate the pertinent findings and
> conclusions based on the technique.  The decision must show the
> significant history, including examination and laboratory findings,
> and the functional limitations that were considered in reaching a
> conclusion about the severity of the mental impairment(s).  The
> decision must include a specific finding as to the degree of
> limitation in each of the functional areas described in paragraph (c)
> of this section.

25 20 C.F.R. § 416.920a(e)(2); see Behn v. Barnhart, 463 F. Supp. 2d 1043, 1047 (C.D. Cal.
26 2006) ("[W]hen there is a colorable claim of a mental impairment, the ALJ must rate as being
27 either none, mild, moderate, marked, or extreme the claimant's functional limitations in the
28 areas of daily activities, social functioning, and concentration, persistence or pace and also rate

as either none, one or two, three or four or more the claimant's episodes of decompensation, and such ratings <u>must</u> be included in the ALJ's written decision.") (emphasis in original).

Here, the ALJ found that plaintiff's history of borderline intelligence constituted a severe impairment, but did not document in his decision the application of the technique as required by 20 C.F.R. § 416.920a(e)(2). (<u>See</u> AR at 13). <u>See</u> <u>Behn</u>, 463 F. Supp. 2d at 1047 ("Since plaintiff's mental impairment is severe, plaintiff a fortiori raises a 'colorable' claim of mental impairment. Despite this, the ALJ did not comply with the Commissioner's regulations, 20 C.F.R. § 416.920a(c)(3-4), (e)(2), and did not rate plaintiff's functional limitations in the areas of daily activities, social function, concentration, persistence or pace, and episodes of decompensation, as she is required to do.") (citations omitted). Importantly, although the ALJ found that plaintiff's severe mental impairment caused more than minimal functional restrictions, the ALJ's determination regarding plaintiff's residual functional capacity – that plaintiff could perform a full range of work with seizure precautions, he could never climb ladders, ropes or scaffolds, but he could frequently engage in postural activities – does not reflect any functional restrictions resulting from plaintiff's mental impairment. (<u>See</u> AR at 14-15). <u>See</u> 20 C.F.R. § 416.945(a)(1), (a)(4), (c) (explaining that residual functional capacity assessment determines what a claimant can do despite physical and mental limitations and that the assessment considers, <u>inter</u> <u>alia</u>, a claimant's ability to meet mental demands of work, specifically, assessing the nature and extent of the mental limitations and restrictions and then determining the claimant's residual functional capacity for work activity on a regular and continuing basis; stating that a "limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work."). Thus, the ALJ's decision fails to consider the impact of plaintiff's severe mental impairment on his residual functional capacity.

Accordingly, on remand, the ALJ should re-assess plaintiff's residual functional capacity to properly reflect functional limitations resulting from plaintiff's severe mental impairment. Furthermore, insofar as the ALJ's finding as to the severity of plaintiff's borderline intelligence

10

rests only on ALJ Varni's prior determination that the mental impairment was severe (see AR at 41, 43), the ALJ should incorporate into plaintiff's residual functional capacity determination those mental limitations ALJ Varni included in his residual functional capacity determination, which limited plaintiff to work involving simple, routine and non-public tasks (AR at 41, 43), or explain his reasons for not doing so.[3]

### D. The Hypothetical Question Posed to the Vocational Expert

Plaintiff argues that the ALJ erred by failing to incorporate any findings concerning plaintiff's significant mental impairments and limitations in the hypothetical the ALJ presented to the vocational expert at the hearing. (Joint Stipulation at 8-9, 10). Defendant argues that the ALJ sufficiently incorporated into the hypothetical all limitations that were supported by the record. According to defendant, because the ALJ found no evidence of changed mental condition, the ALJ was not required to ask the vocational expert whether plaintiff could still perform his past work with any additional purported mental limitations. (Joint Stipulation at 9).

In his decision, the ALJ found that plaintiff retained the residual functional capacity to perform a full range of work with seizure precautions, he could never climb ladders, ropes or scaffolds, but he could frequently engage in postural activities. (AR at 14). The ALJ incorporated these findings into the hypothetical he posed to the vocational expert at the November 29, 2006 hearing. Specifically, the ALJ presented the vocational expert with the following hypothetical:

> I'll hypothecate a person of [plaintiff's] age, education, and past work experience who could never climb ropes, ladders, or scaffolding, and not even moderate exposure to hazards, by which I mean unprotected heights and dangerous machinery. Could such a person go back to [plaintiff's] past relevant work?

---

[3] Such an explanation is necessary especially in light of the ALJ's statement that, given ALJ Varni's prior nondisability determination, "the provisions of [Acquiescence Ruling] 97-4(9) (Chavez v. Bowen[,] 844 F.2d 691 (9th Cir. 1988) raise a presumption of continuing nondisability and [plaintiff's] residual functional capacity." (AR at 11) (emphasis added). The ALJ offers no explanation in his current decision as to why he failed to include in plaintiff's residual functional capacity those mental limitations found by ALJ Varni.

11

(AR at 175). The vocational expert testified that an individual with these limitations could perform plaintiff's past relevant work as a housekeeper and an assembler, which were light and unskilled work. (AR at 175-76). The ALJ discussed the vocational expert's response in his decision, and, "comparing [plaintiff's] residual functional capacity with the physical and mental demands of this work," found that plaintiff could perform his past relevant work as a housekeeper/janitor and assembler as actually and generally performed, and that this work did not require performance of activities precluded by plaintiff's residual functional capacity. (AR at 15-16).

In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995); see Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant. . . 'If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value.'") (emphasis in original). The hypothetical should be "accurate, detailed and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). An ALJ may properly omit an alleged impairment from a hypothetical if the omission of the impairment is supported by substantial evidence in the record. Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).

In this case, the omission of plaintiff's mental impairment from the hypothetical posed to the vocational expert is unsupported. Although the ALJ found that there was no evidence of a worsening of plaintiff's mental condition subsequent to ALJ Varni's September 22, 2004 finding of nondisability (see AR at 15), the ALJ did not find that plaintiff no longer suffered from a mental impairment or that it was no longer severe. Indeed, the ALJ found that plaintiff's borderline intelligence constituted a severe impairment, which caused more than minimal functional restrictions. (AR at 13). However, the ALJ's determination of plaintiff's residual

functional capacity, and, thus, the hypothetical he posed to the vocational expert, lacks consideration of the impact of plaintiff's severe mental impairment. See supra Section C. Even if, as defendant argues, the ALJ was not required to incorporate any <u>additional</u> purported limitations into the hypothetical because plaintiff failed to present evidence of a changed mental condition, the hypothetical failed to reflect the ALJ's finding of a severe mental impairment or <u>any</u> resulting mental limitations, whatsoever.[4]

### E. Remand is Required to Remedy Defects in the ALJ's Decision

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. <u>McAlister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. <u>Marcia v. Sullivan</u>, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court reiterates that plaintiff does not challenge the ALJ's application of the presumption of nondisability or the ALJ's finding that plaintiff had not met his burden of overcoming the presumption of nondisability, or argue that he rebutted the presumption by providing to the ALJ evidence demonstrating changed circumstances. Notwithstanding this, however, the Court finds remand appropriate for the limited purpose of re-assessing the ALJ's residual functional capacity determination to reflect the impact of any functional limitations resulting from plaintiff's severe mental impairment. Insofar as the ALJ's finding as to the severity of plaintiff's borderline intelligence rests on ALJ Varni's prior determination that the mental impairment was severe, the ALJ should incorporate into plaintiff's residual functional capacity determination those mental limitations ALJ Varni included in his residual functional capacity determination (e.g., simple, routine and non-public tasks), or explain his reasons for not doing so.

---

[4] The Court notes that, in the September 22, 2004 decision finding that plaintiff was not disabled, ALJ Varni stated that the hypothetical he posed to the vocational expert included seizure precautions, including no work at heights, around dangerous unguarded moving machinery or in similar hazardous environments, <u>and</u> the following mental limitations: "routine; repetitive; entry-level work; and no contact with the general public." (<u>See</u> AR at 42-43).

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 11, 2008

        /s/ - Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE